**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO.

UNITED STATES OF AMERICA,

      Plaintiff,

v.

ONE SINGLE FAMILY RESIDENCE
LOCATED AT 3485 WINDMILL RANCH
ROAD, WESTON, FLORIDA 33326

      Defendant.
_____/

**03-60505
CIV-HURLEY**

**MAGISTRATE JUDGE
LYNCH** BOX

FILED

MAR 24 2003

CLARENCE MADDOX
CLERK, USDC/SDF./FTL

## VERIFIED COMPLAINT OF FORFEITURE IN REM

The United States files this Verified Complaint of Forfeiture In Rem seeking forfeiture of the defendant property, and alleges and states that:

1. This is a civil action for forfeiture in rem against the piece of real property described in the caption above.

2. This Court has jurisdiction over this matter pursuant to Title 28 U.S.C. §§1345 and 1355(a).

3. This Court has venue over the defendant property pursuant to Title 28 U.S.C. §1395(a) and (b).

4. The defendant property is forfeitable pursuant to Title 21 U.S.C. §§881(a)(6), as narcotics proceeds, moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for controlled substance or listed chemical in violation 21 U.S.C. §801 et seq., and all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of 21



U.S.C. §801 et seq.

## BACKGROUND AND PROBABLE CAUSE

5.  The defendant property is also known as

    **Lot 12, Block 4, SON OF CHOPS, according to the Plat thereof, as recorded in Plat Book 138, at Page 7, of the Public Records of Broward County, Florida.**

6.  The defendant real property was formerly owned and controlled by Miguel Fernando Solano Duran, hereafter referred to as "Solano".

7.  On January 5, 2003, Solano was murdered in Cartagena, Colombia, by an unidentified assassin. Angela Maria Useche, the wife/widow of Solano, is now the owner of the defendant property, through a corporation she formed, AMJI, LLC, a Florida limited liability company.

8.  At the time of his death, Solano was the subject of investigations by law enforcement for drug trafficking and money laundering.

9.  Solano entered the United States in late 1999 or early 2000 on an advanced parole issued by the Immigration and Naturalization Service (INS) at the request of the Drug Enforcement Administration (DEA). Solano had negotiated with the DEA and made a agreement with them that would allow him enter and live in the United States in exchange for his cooperation. Solano had previously been ineligible to enter the United States due to his criminal past as a major narcotics trafficker. At some point between his entry into the United States and the end of 2001, the DEA closed Solano as an informant. His advanced parole expired in February 2001 and after that month, Solano and his family remained illegally in the United States.

10. Solano continued to run his drug trafficking organization while he was an open DEA informant.

11. Solano amassed several millions of dollars in assets in South Florida, including the defendant property, from the sale of narcotics.

12. Solano's primary assistant in South Florida, Jorge Palacios, was convicted of Possession with Intent to Distribute Cocaine on June 15, 1990. Palacios was sentenced to 151 months in prison. He was released in June 1999 and placed on supervised release until March 2004. Palacios was a key member of the drug trafficking organization of Ivan Urdinola Grajales. At that time, Urdinola was considered one of the leaders of the North Valley Cartel.

13. U.S. Probation and Parole ("Probation") records show that Palacios recently claimed that he started working for SOL DEL CAMPO, a produce importation company located in Miami, Florida. Probation determined that Miguel Solano was the owner of SOL DEL CAMPO. At no time did Palacios disclose to Probation his links to Miguel Solano, nor that Solano owned SOL DEL CAMPO. Palacios also failed to mention that he was acting as Solano's administrator for several millions of dollars worth of property.

14. Near the beginning of 2002, Solano fled the United States and remained in Colombia until his death. After Solano left the United States, an associate of Solano, Jose "Chepe" Puello began disposing of certain assets belonging to Solano. Puello is a known drug trafficker associated with the Colombian North Valley cartel. Puello fled the United States in late 2002. Information received by FBI Miami indicated that Puello fled because he thought that he was the target of a criminal investigation.

15.     On January 5, 2003, Solano was murdered in Cartagena, Colombia. Due to Solano's death, law enforcement decided to interview Palacios and inquire about his relationship with Solano.

16.     On January 9, 2003, Palacios gave a statement to law enforcement. Palacios related that he knew Solano from childhood and that they were both from the same small town in Colombia. Palacios stated that at the time of his arrest, Solano, who was then in his early 20s, was working for him in the drug business. While Palacios was incarcerated, Solano became an extremely wealthy and powerful trafficker. Palacios was released from prison in 1999. Shortly thereafter, Solano came to the United States under his agreement with DEA. Solano contacted Palacios and offered him a job.

17.     Palacios claimed he reluctantly accepted Solano's job offer after having difficulty obtaining steady employment. Palacios soon realized that Solano was continuing to traffick drugs and launder money while he was cooperating with the DEA. Solano asked Palacios to be in charge of managing the collection of his drug proceeds. Palacios claimed that he denied Solano's request due to being on Probation and his desire not to return to the business.

18.     Palacios stated that Solano had became so accustomed to the wealth and the lifestyle of a "mafioso" that he had to continue drug trafficking to maintain his standard of living. Palacios further stated the Solano opened a produce import business called "SOL DEL CAMPO" in Miami that did poorly financially and that the income derived from that business was inadequate to maintain Solano's properties and lifestyle.

19.     Palacios stated that all of Solano's wealth was derived from his drug trafficking activities. Palacios further stated that every month, Solano's workers would deliver to him several thousands of dollars in the form of money orders to maintain his properties, pay his bills, and pay

his employees. According to Palacios, Solano returned to Colombia in 2002 because he found out that he was being investigated by law enforcement here in the United States.

20. According to Broward County Public Records, the defendant property was purchased on May 24, 2001, by Angela Maria Useche, Solano's wife, for $2,875,000 (Two Million, Eight Hundred Seventy-Five Thousand Dollars). The property was purchased from Robert L. Gallagher and Loretta Gallagher, his wife, without any financing. Initially, the warranty deed was in the name of AMJI, a Florida Limited Liability Company and Angela Maria Useche. This deed was re-recorded a short time later to remove the name of Angela Maria Useche, and leave AMJI, LLC.

21. AMJI is currently an inactive Florida Limited Liability Company. AMJI was dissolved in October 2002. Its only official or director was Angela Maria Useche.

22. Miguel Solano nor Angela Maria Useche had neither gainful employment nor legitimate income capable of sustaining their lifestyles. Additionally, neither Solano nor Useche had valid-work permits at the time the defendant property was purchased.

**WHEREFORE,** the United States of America request that process in due of law according to the procedures of the Court in cases of actions in rem in accordance with provisions of Rule C (3), Supplemental Rules of Certain Admiralty and Maritime Claims issue against the defendant property, and that any person or persons having any interest therein be cited and directed to appear herein and answer this complaint, pursuant to Rule C(6), Supplemental Rules of Certain Admiralty and Maritime Claims, and that this Court decree the condemnation and forfeiture of the defendant

property to the United States and that plaintiff have such other and further relief as may be just and proper.

                                               Respectfully submitted,

                                               MARCOS DANIEL JIMENEZ
                                               UNITED STATES ATTORNEY

BY: _____
          WILLIAM H. BECKERLEG, JR.
          ASSISTANT U.S. ATTORNEY
          500 E. Broward Blvd., Suite 700
          Ft. Lauderdale, Florida 33394
          Tel: (954) 356-7314 ext. 3614
          Fax: (954) 356-7180
          Fla Bar No. A5500074

## VERIFICATION

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that, I Paul H. Twehues, Special Agent for the Federal Bureau of Investigation, have read to foregoing Complaint for Forfeiture In Rem and state that the contents are true to be best of my knowledge and belief.

                                        _____
                                        PAUL H. TWEHUES
                                        SPECIAL AGENT
                                        FEDERAL BUREAU OF INVESTIGATION

property to the United States and that plaintiff have such other and further relief as may be just and proper.

Respectively submitted,

MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY

BY: _____

WILLIAM H. BECKERLEG, JR.
ASSISTANT U.S. ATTORNEY
500 E. Broward Blvd., Suite 700
Ft. Lauderdale, Florida 33394
Tel: (954) 356-7314 ext. 3614
Fax: (954) 356-7180
Fla Bar No. A5500074

## VERIFICATION

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that, I Paul H. Twehues, Special Agent for the Federal Bureau of Investigation, have read to foregoing Complaint for Forfeiture In Rem and state that the contents are true to be best of my knowledge and belief.

_[signature]_

PAUL H. TWEHUES
SPECIAL AGENT
FEDERAL BUREAU OF INVESTIGATION

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET  03-60505

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

## DEFENDANTS    CIV - HURLEY
ONE SINGLE FAMILY RESIDENCE LOCATED AT 3485 WINDMILL RANCH ROAD, WESTON, FLORIDA 33326

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

Broward  C:03cv 60505 DTKH/FJL

MAGISTRATE JUDGE
LYNCH

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
WILLIAM H. BECKERLEG, JR.
500 EAST BROWARD BLVD., SUITE 700
FORT LAUDERDALE, FL 33394

ATTORNEYS (IF KNOWN)

NIGHT BOX
FILED
MAR 24 2003
CLARENCE MADDOX

(d) CIRCLE COUNTY WHERE ACTION AROSE:   DADE,   MONROE,   (BROWARD),   PALM BEACH,   MARTIN,   ST. LUCIE,   INDIAN RIVER,   OKEECHOBEE,   HIGHLANDS

## II. BASIS OF JURISDICTION   (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT   (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | FORFEITURE/PENALTY | A BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | B 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane / 362 Personal Injury - Med. Malpractice | B 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability | B[X] 625 Drug Related Seizure of Property 21 USC 881 | | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander / 365 Personal Injury - Product Liability | B 630 Liquor Laws | A PROPERTY RIGHTS | B 450 Commerce/ICC Rates/etc. |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability / 368 Asbestos Personal Injury Product Liability | B 640 R.R & Truck | 820 Copyrights | 460 Deportation |
| 151 Medicare Act | 340 Marine | B 650 Airline Regs. | 830 Patent | 470 Racketeer Influenced and Corrupt Organizations |
| B 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 345 Marine Product Liability | B 660 Occupational Safety/Health | 840 Trademark | 810 Selective Service |
| B 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / PERSONAL PROPERTY / 370 Other Fraud | B 690 Other | A LABOR | 850 Securities/Commodities/Exchange |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 371 Truth in Lending | | 710 Fair Labor Standards Act | 875 Customer Challenge 12 USC 3410 |
| 190 Other Contract | 360 Other Personal Injury / 380 Other Personal Property Damage | | 720 Labor/Mgmt. Relations | 891 Agricultural Acts |
| 195 Contract Product Liability | / 385 Property Damage Product Liability | | | 892 Economic Stabilization Act |
| A REAL PROPERTY | A CIVIL RIGHTS / PRISONER PETITIONS | | B SOCIAL SECURITY | 893 Environmental Matters |
| 210 Land Condemnation | 441 Voting / B 510 Motions to Vacate Sentence | | 861 HIA (1395ff) | 894 Energy Allocation Act |
| B 220 Foreclosure | 442 Employment | 730 Labor/Mgmt. Reporting & Disclosure Act | 862 Black Lung (923) | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 443 Housing/Accommodations / HABEAS CORPUS: | 740 Railway Labor Act | 863 DIWC/DIWW (405(g)) | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 240 Torts to Land | 444 Welfare / B 530 General, A 535 Death Penalty | 790 Other Labor Litigation | 864 SSID Title XVI | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | 440 Other Civil Rights / B 540 Mandamus & Other, B 550 Civil Rights | A 791 Empl. Ret. Inc. Security Act | 865 RSI (405(g)) | 890 Other Statutory Actions A OR B |
| 290 All Other Real Property | B 555 Prison Condition | | FEDERAL TAX SUITS |  |
| | | | A 870 Taxes (U.S. Plaintiff or Defendant) | |
| | | | A 871 IRS - Third Party 26 USC 7609 | |

## VI. CAUSE OF ACTION   (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL UNLESS DIVERSITY.)
TITLE 21, UNITED STATES CODE, SECTION 881 (a)(6) - PROCEEDS

LENGTH OF TRIAL
via  2  days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

## VIII. RELATED CASE(S) IF ANY   (See instructions):
JUDGE
DOCKET NUMBER

DATE: 3-25-3

SIGNATURE OF ATTORNEY OF RECORD
WILLIAM H. BECKERLEG, JR.

FOR OFFICE USE ONLY

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

This form was electronically produced by Elite Federal Forms, Inc.